Oldham, J. The appellant by interplea claimed title to certain lands attached at the suit of the appellees as the property of John Snodgrass and upon the issue formed, to sustain his title, offered in evidence a deed duly executed by the Auditor of the State of Arkansas to him for the land in controversy. The deed is in strict conformity with the law. The deed was excluded by the court and the claimant excepted and appealed to this court. Our statutes have changed the rule of law, that it is incumbent upon the purchaser of lands sold for taxes to show that the sale was regular and that the pre-requisites to the sale existed and were strictly complied with. The auditor’s deed executed in accordance with the provisions of the statute vests in the purchaser “all the right, title, interest and estate of the former owner in and to such lands and also all the right, title, interest and claim of the State thereto,” and is declared to be “ evidence in all courts of this State of a good, and valid title in such grantee, his heirs or assigns and that all things required by law to make a good and valid sale were done both by the collector and auditor.” Rev. Stat. chapter 128, section 133-4. The power of the legislature to pass such a law cannot be questioned. It is essential to the power of sovereignty. Without it the State would cease to be sovereign and, from inability to pass laws for the raising a revenue, would be wholly impotent. The law for the raising a revenue to carry on the government of the State is a part of the general and public law of the land and is obligatory upon every person owning taxable property within the limits of the State and they are bound to conform to its requisitions. The decision of the circuit court is in direct opposition to the statute, for which reason the judgment must be reversed.